# Supreme Court of Texas

No. 22-0193

In re Linda Anthony,
*Relator*

On Petition for Writ of Mandamus

**PER CURIAM**

Justice Blacklock did not participate in the decision.

A candidate for public office must "include . . . the candidate's occupation" in the application for a place on the ballot. TEX. ELEC. CODE § 141.031(4)(B). Relator Linda Anthony left the occupation box blank in her candidate application for the office of Mayor of West Lake Hills. Anthony is retired. The city secretary rejected Anthony's application, concluding that, although she is retired, Anthony's failure to list an occupation violates the Election Code. Accordingly, the secretary excluded Anthony from a place on the ballot as a candidate for mayor. We conditionally grant relief.

## I

Anthony is the current Mayor of West Lake Hills, a position for which she receives no pay. She is otherwise retired, as she indicated in her ballot applications in 2020, 2018, 2016, and 2013. On Anthony's

2022 application, however, she did not supply an occupation, despite the box's instruction: "Do not leave blank."

Anthony's opponent in the election, Real Party in Interest Jeffrey Taylor, noticed that Anthony had omitted her occupation. He challenged Anthony's candidacy, contending that her application did not provide all the information required by Texas Election Code Section 141.031, which requires candidates to list an occupation. The city secretary for West Lake Hills agreed, and she rejected Anthony's application on March 2, 2022. Anthony promptly sought emergency relief in the court of appeals, which denied relief.

In her petition for mandamus relief to this Court, Anthony argues that her application complies with the Election Code because she currently has no paid occupation, and thus leaving the box blank accurately reflects her occupational status.

Taylor responds that the city secretary had no discretion to accept Anthony's application because it is defective. The Legislature's requirement that candidates supply their occupation is not optional, and the application form instructs candidates not to leave the occupation box blank. Occupation information assists voters in researching and assessing a candidate's qualifications, and its disclosure promotes campaign finance transparency. Leaving the box blank requires voters to guess at the candidate's occupation and may confuse them. Further, Anthony's responses to the occupation question on her earlier applications for office as "retired" demonstrate her understanding of the requirement. Finally, recent amendments to the Election Code clarify that defective ballot applications cannot be cured after the filing

2

deadline, abrogating this Court's line of cases extending opportunities to amend an application found to be defective.

## II

We "may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election." TEX. ELEC. CODE § 273.061(a). In a mandamus relating to an election proceeding, we must be careful to avoid undue interference with the electoral process and the people's right to self-governance, including their choice of candidates. *See In re Khanoyan*, 637 S.W.3d 762, 763-65 (Tex. 2022) (examining judicial authority to intervene in ongoing elections).

The city secretary "shall reject" applications that do not comply with Section 141.031, TEX. ELEC. CODE § 141.032(e), but the secretary is "required to accept" valid applications, *In re Sanchez*, 81 S.W.3d 794, 798 (Tex. 2002).

Provision of "the candidate's occupation" is one of more than a dozen requirements Election Code Section 141.031 imposes in connection with an application for a place on the ballot:

> (a) A candidate's application for a place on the ballot that is required by this code must:
>    . . .
>    (4) include:
>       . . .
>       (B) the candidate's occupation;
>       . . . .

TEX. ELEC. CODE § 141.031.

The Election Code does not define "occupation," and thus we interpret the term according to its ordinary meaning. *Tex. Dep't of Crim. Just. v. Rangel*, 595 S.W.3d 198, 208 (Tex. 2020). As commonly

3

understood, "occupation" refers to compensated work. The American Heritage Dictionary defines occupation as "[a]n activity that serves as one's regular source of livelihood; a vocation." *Occupation*, AMERICAN HERITAGE DICTIONARY (5th ed. 2022). The New Oxford American Dictionary is blunt: "a job or profession." *Occupation*, NEW OXFORD AMERICAN DICTIONARY (3d ed. 2010).

As a retired person and an unpaid mayor, Anthony does not have an occupation in accord with its commonly understood meaning. The Election Code requires a candidate to "include . . . the candidate's occupation." TEX. ELEC. CODE § 141.031(4)(B). Anthony cannot "include" a paid position that she does not hold. Thus, her omission of an occupation on her application to be a candidate for office does not violate the Election Code.

Taylor observes that the Legislature considered elsewhere in Section 141.031 that a candidate may not have the exact information requested, and, in such cases, it has supplied approved alternatives. For example, if a candidate's residence has no street address, the candidate shall provide a mailing address. *Id.* § 141.031(4)(I). Similarly, a candidate must supply a public mailing address and electronic mail address "if available." *Id.* § 141.031(4)(M). Taylor argues that the Legislature's silence as to any alternatives to an "occupation" indicates that an answer is mandatory.

A juxtaposition of statutory provisions can demonstrate that the Legislature's silence is meaningful. *See In re Xerox Corp.*, 555 S.W.3d 518, 528-29 (Tex. 2018) (observing that references to "damages" in one part of a statutory scheme but not another indicates the Legislature's

4

deliberate exclusion of damages as relief). That the Legislature did not acknowledge that not every candidate for office has an occupation, in the way it acknowledges that not every residence has an address, however, does not make a truthful blank answer defective.

The application instructs candidates "Do not leave [the occupation box] blank," but such an instruction is of no consequence in interpreting the Election Code. The city secretary must reject applications that fail to comply with the statute, regardless of the application's instructions. TEX. ELEC. CODE § 141.032(e). The question instead is whether Anthony had an occupation to "include" in her application.

An application may be "challenged for compliance with the applicable requirements as to form, content, and procedure." TEX. ELEC. CODE § 141.034(a). The official's review of any such challenge "is limited to the specific items challenged and any response filed with the authority by the challenged candidate." *Id.* § 141.034(c). When Taylor challenged Anthony's candidacy, Anthony filed a response explaining that her application is not deficient because in fact she does not have an "occupation," overcoming Taylor's objection. Taylor did not dispute that factual information; rather, he disputes its legal effect. We have concluded that his objection lacks legal merit. An official charged with reviewing an application has no discretion to reject an application based upon an objection that lacks merit.

If Anthony currently had an occupation—that is, compensated work—and she left the box blank, then her application would not comply with the Election Code. And while we agree that occupation information

5

may be important to voters, they may conclude, correctly, that because Anthony did not supply an occupation, she does not have one. Certainly, volunteering that she has no occupation by writing "retired" or "none" in the occupation box eliminates any possibility of confusion, but Anthony's earlier statements do not bind her to supply an occupation that she does not have. Failure to comply with an application form's request does not automatically translate into failure to comply with a statutory mandate. For an applicant with no occupation, leaving the occupation box blank is not the ideal way to convey that information, but it does not violate any statutory command.

In past election cases, we have granted equitable relief to extend to the candidate an opportunity to cure a deficient application or petition after the filing deadline. *E.g.*, *In re Francis*, 186 S.W.3d 534, 543 (Tex. 2006). The Legislature has since made clear that candidates may not amend their applications once the filing deadline passes. TEX. ELEC. CODE § 141.032(g) ("Except as otherwise provided by this code: (1) a candidate may not amend an application filed under Section 141.031; and (2) the authority with whom the application is filed may not accept an amendment to an application filed under Section 141.031."); *see also* Act of May 19, 2011, 82d Leg., R.S., ch. 254, § 1, 2011 Tex. Gen. Laws 834; Act of May 26, 2021, 87th Leg., R.S., ch. 711, § 76 (codified at TEX. ELEC. CODE § 141.032(g)).

In this case, however, we do not grant relief to afford a candidate the opportunity to cure a defective application. Rather, we hold that Anthony's application is not defective in failing to list an occupation when she currently has no paid employment.

6

\*     \*     \*

The city secretary had no discretion to reject Anthony's application. Accordingly, without hearing oral argument, we conditionally grant mandamus relief directing the city secretary to accept Anthony's application and place her on the ballot as a candidate for Mayor of the City of West Lake Hills. TEX. R. APP. P. 52.8(c). Our writ will issue only if the secretary fails to comply.

**OPINION DELIVERED:** March 18, 2022